1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  JOYCE HENDERSON GELLER, | Case No. 10cv1876-BTM (CAB) |
| 12                Plaintiff, | **ORDER RE MOTION TO REMAND** |
| 13  v.<br>HAI NGOC DUONG, et al., | |
| 14                Defendant. | |

Pending before the Court are motions to remand [dock. 8], dismiss [dock. 7], and drop Defendant Duong as a sham defendant [dock. 6].  For the reasons that follow, the Court **GRANTS** Plaintiff's motion to remand.  Because the amount in controversy does not exceed $75,000, the Court need not address the parties' arguments regarding diversity and accordingly, the Court **DENIES** Defendants' motion to drop Duong as a sham defendant as moot.  Because the Court does not have subject matter jurisdiction over this controversy, the Court **DENIES** Defendants' motion to dismiss as moot.

## I. BACKGROUND

On December 9, 2008, Plaintiff was involved in an automobile accident with Hai Ngoc Duong ("Duong"), who was insured by Liberty Mutual Fire Insurance Company ("Liberty Mutual").  (Compl. ¶10.)  Plaintiff thereafter brought a personal injury suit against Duong.  (Compl. ¶11.)  Plaintiff entered into settlement negotiations with Liberty Mutual, and the parties agreed to a $10,000 settlement.  (Compl. ¶ 14-15.)

Plaintiff asserts that during settlement negotiations, Defendants misrepresented the terms of the personal automobile insurance policy that was issued by Liberty Mutual on behalf of Duong. (Compl. ¶ 10.) Specifically, Plaintiff alleges that Defendants falsely claimed that "although the policy limit was $25,000, the policy specifically called for an offset of $15,000 making the policy limit $10,000," inducing Plaintiff to settle for only $10,000. (*Id.*)

Based on this alleged misrepresentation, Plaintiff brought an action in state court against Liberty Mutual and Duong for fraud and negligent misrepresentation. Liberty Mutual removed to federal court pursuant to 28 U.S.C. § 1441, on the ground that this Court had original jurisdiction under 28 U.S.C. § 1332.

## II. DISCUSSION

Under 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim that could have been brought in federal court originally. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). This removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In diversity cases, where the amount in controversy is in doubt, "'[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. Cal. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Where, as here, "the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. Dow Chem. Co*, 443 F.3d 676, 683 (9th Cir. 2006).

In the Notice of Removal, Liberty Mutual asserts, "In light of the Plaintiff's fraud-based claims seeking compensatory and consequential damages, attorney's fees and, potentially, punitive damages, the $75,000 amount in controversy requirement is satisfied." (Notice at 2.) Although Plaintiff's complaint does not demand a dollar amount, it is clear this dispute centers on whether Defendants misrepresented a $25,000 insurance policy, $10,000 of which has already been paid to Plaintiff. Given the amount of compensatory damages at

issue, Defendants do not and cannot credibly claim that consequential damages and attorney's fees raise the amount in controversy above the $75,000 threshold. Thus, Defendants must rely on punitive damages to satisfy the amount in controversy requirement.[1]

A. <u>Punitive Damages</u>

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). However, "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Nguyen v. Hartford Cas. Ins.*, No. CIV06-2541, 2007 U.S. Dist. LEXIS 55369, at *9 (D. Ariz. July 27, 2007) (citation and quotation omitted).

Here, as was the case in *Nguyen*, Defendants offer nothing more than the "mere possibility" of punitive damages. In their opposition, Defendants assert only the undisputed proposition that punitive damages are part of the amount in controversy. (Opp. at 4.) They provide no estimate for how much punitive damages would be available to Plaintiff in the instant case. *See Nguyen*, 2007 U.S. Dist. LEXIS 55369, at *9. Similarly, Defendants provide no evidence "of the likelihood of [Plaintiff] recovering punitive damages based upon evidence of jury verdicts in analogous cases." *Id.* (citation and quotation omitted). Simply pointing out that Plaintiff is seeking punitive damages without proffering any evidence regarding the amount is insufficient to establish that the potential punitive damage award will more likely than not increase the amount in controversy above $75,000. *See id.* at *11. Thus, because the amount in controversy has not been met, the Court lacks subject matter jurisdiction over this civil action.

B. <u>Attorney's Fees</u>

Although the Court finds that Liberty Mutual has not *satisfied its burden* of showing that the amount in controversy has been met, the Court concludes that Liberty Mutual had a reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

---

[1] Plaintiff disputes that she is seeking any punitive damages. (Reply at 7.) However, Plaintiff's prayer for relief seeks, in part, "other and further relief as the Court deems proper." This Court assumes that such "further relief" could include punitive damages.

(2005); *see also Nguyen*, 2007 U.S. Dist. LEXIS 55369 (attorney's fees and costs not awarded). Therefore, the Court denies Plaintiff's motion for attorney's fees and costs.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand is **GRANTED**. This action is **REMANDED** to the Superior Court of California, County of San Diego. The Court denies Plaintiff's requests for attorney's fees and costs associated with bringing the motion to remand. The Court **DENIES** as moot the remaining motions that were pending in this case.

**IT IS SO ORDERED.**

DATED: December 7, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge